# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH CROOKS, | |
| Plaintiff, | CIVIL ACTION NO. 3:11-CV-1036 |
| v. | |
| NATIONAL OILWELL VARCO, L.P., | (JUDGE CAPUTO) |
| Defendant. | |

## MEMORANDUM ORDER

Before me is the issue of whether the Plaintiff waived her right against self-incrimination under the Fifth Amendment to the United States Constitution.

The salient facts necessary to make this determination are straight forward. The Plaintiff, in her deposition, was asked whether she had any documents or electronic data that supported her case. She replied that she had recorded Jason Smith, an employee of Defendant, without his knowledge or consent; that she was recording his behavior; that he did not know he was being recorded, nor was he told he was being recorded; and, that she destroyed the recording. As to any questions thereafter about the recording, its contents or other events surrounding it, Plaintiff invoked her Fifth Amendment rights because recording another without the other's consent is a violation of the Pennsylvania Wiretap Act, 18 Pa.C.S. §5703 (2004).

The Defendant contends Plaintiff has waived her Fifth Amendment privilege and must answer further. The Plaintiff argues that she can pick future spots to invoke the privilege while recognizing she cannot testify at trial as to any subject respecting which she invoked the Fifth Amendment.

The Plaintiff has already admitted to a violation of the Wiretap Act, and further testimony about it could not incriminate her further. Moreover, this recording took place more than the two year period of limitation under the Act, and therefore the danger of prosecution is non-extant. *See, e.g., Marchetti v. United States*, 390 U.S. 39, 53 (1968) ("The central standard for the privilege's application has been whether the claimant is confronted by substantial and 'real,' and not merely frifling or imaginary, hazards of incrimination.") Therefore, the Plaintiff has waived the privilege as to the Wiretap Act. Plaintiff, therefore, is required to answer further questions about the recording, the circumstances under which it was made, and its content. *See, e.g., Mitchell v. United States*, 526 U.S. 314, 321 (1999) ("It is well established that a witness, in a single proceeding, may not testify voluntarily about a subject and then invoke the privilege against self-incrimination when questioned about the details. The privilege is waived for the matters to which the witness testifies. . . .").

So ordered.

Date: January 25, 2013

A. Richard Caputo
United States District Judge