# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIZABETH CROOKS, | CIVIL ACTION NO. 3:10-CV-1036 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| NATIONAL OILWELL VARCO, L.P. | |
| Defendant. | |

## MEMORANDUM

Presently before the Court is a Motion to Strike Plaintiff's Expert Report and Opinions (Doc. 50) filed by Defendant National Oilwell Varco, L.P. ("NOV"). NOV asks the Court to strike the expert report of Dr. Robert Sadoff, a forensic psychiatrist, which Plaintiff Elizabeth Crooks served more than four months after her deadline to disclose such reports. Because Crooks cannot show that her untimeliness in disclosing Dr. Sadoff as an expert and serving his report was substantially justified or harmless, NOV's motion will be granted.

## BACKGROUND

This action stems from Crooks' employment with NOV from September 2009 to June 2010. On or about August 3, 2010, Crooks filed a written charge of discrimination against NOV with the Equal Employment Opportunity Commission ("EEOC"), alleging sexual harassment, gender discrimination, and retaliation. (Doc. 1 at ¶ 12.) She also cross-filed all of the charges with the Pennsylvania Human Relations Commission. (*Id.*) The EEOC issued a Notice of Right to Sue on or about February 28, 2011. (*Id.*) Crooks then instituted this action on May 31, 2011 by filing a Complaint against NOV, bringing sexual harassment, gender discrimination, and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* (Doc. 1.)

On February 17, 2012, the Court entered a Case Management Order placing this case on the April 2013 trial list. (Doc. 18 at ¶ 1.) The Case Management Order required Crooks and NOV to comply with the requirements of Federal Rule of Civil Procedure 26(a)(2) with respect to expert witnesses no later than October 1, 2012 and November 1, 2012, respectively; supplemental expert reports were due no later than December 3, 2012. (*Id.* at ¶ 4.) All fact discovery was to be completed by December 31, 2012 and all expert discovery was to be completed by February 28, 2013. (*Id.* at ¶ 2.) In addition, the parties were to make the disclosures required by Federal Rule of Civil Procedure 26(a)(3) by January 31, 2013, which was also the deadline for dispositive motions. (*Id.* at ¶¶ 5–6.)

On January 19, 2012, NOV sent its first set of interrogatories to Crooks, in which it asked her to identify each person she expected to call as an expert at trial, state the subject matter on which each expert would testify, and supply a summary of the grounds for each opinion. (Doc. 51, Ex. B at 7.) NOV also asked her to produce all documents provided to her or prepared by an expert relating to her claims, including expert reports. (*Id.*) On March 28, 2012, Crooks responded that she had not yet decided whether she would engage an expert, but would inform NOV if she did. (Doc. 51, Ex. C at 4.) In amended interrogatory answers served on April 4, 2012, Crooks reaffirmed that she had not yet decided whether to retain an expert, but noted that she would supplement her response in accordance with the Case Management Order and the Federal Rules. (Doc. 51, Ex. D at 4.)

On February 15, 2013, Crooks served NOV with an expert report prepared by Dr. Sadoff, dated February 11, 2013. (Doc. 51, Ex. A.) On February 22, 2013, NOV moved to strike Dr. Sadoff's expert report as untimely and prevent him from testifying at trial, arguing that Crooks' failure to comply with the Case Management Order's deadlines was neither

2

substantially justified nor harmless. (Doc. 51 at 5–14.) Crooks responds that Dr. Sadoff's expert report should not be stricken because NOV, who now has time to obtain its own expert before trial,[1] has not been prejudiced. (Doc. 65 at 4.) The motion has been fully briefed and is now ripe for disposition.

## ANALYSIS

### A. Violation of Rule 26(a)

Under the Federal Rules of Civil Procedure, parties must disclose the identity of expert witnesses who may testify at trial and accompany that disclosure with a written report prepared by the witnesses which includes "a complete statement of all opinions the witness will express and the basis and reasons for them; the date or other information considered by the witnesses in forming them; any exhibits that will be used to summarize or support them," as well as additional information about the witness's qualifications, prior expert testimony, and compensation received in the relevant case. Fed. R. Civ. P. 26(a)(2)(A)–(B). The parties must make these disclosures according to deadlines set in any case management order or other order issued by the court; absent such an order, they must be made at least ninety days before the date set for trial. Fed. R. Civ. P. 26(a)(2)(D). Rule 26(a)(2) "imposes . . . [a] duty to disclose information regarding expert testimony in advance of trial that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Fed. R. Civ. P. 26, cmt. to 1993 Amendments.

Here, the Case Management Order required Crooks to disclose Dr. Sadoff as an

---

[1] On March 7, 2013, the Court issued an Order removing this case from the April 2013 trial list and placing it on the September 2013 trial list. (Doc. 56.)

3

expert witness and produce his report no later than October 1, 2012; the Order also set December 3, 2012 as the deadline for supplemental expert reports. (Doc. 18 at ¶ 4.) Crooks sent Dr. Sadoff's expert report, which was dated February 11, 2013, to NOV on February 15, 2013 (Doc. 51, Ex. A), less than two weeks before the close of expert discovery in this case (Doc. 18 at ¶ 2). Accordingly, the Court finds that Crooks failed to timely disclose her expert witness and produce his report in contravention of the Case Management Order and Rule 26(a)(2) of the Federal Rules of Civil Procedure.

**B. Appropriate Sanction**

Crooks contends that sanctions under Federal Rule of Civil Procedure 37 are inappropriate here because her untimely disclosure of Dr. Sadoff as an expert and production of his expert report was not deliberately done in bad faith and has not prejudiced NOV, who now has time to obtain its own expert. (Doc. 65 at 4–5.) However, she offers no reason for why she did not meet the deadlines provided in the Case Management Order. NOV argues that the Court should strike Dr. Sadoff's expert report and prevent him from testifying at trial because Crooks' noncompliance was neither substantially justified nor harmless. (Doc. 51 at 6–14.) NOV also asserts that Crooks' delay has caused NOV to suffer prejudice that cannot be corrected so close to trial. (*Id.*)

The Federal Rules state that a party who fails to comply with the requirements of Rule 26(a) "is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The non-producing party has the "burden of proving substantial justification or that its failure to produce was harmless." *Tolerico v. Home Depot*, 205 F.R.D. 169, 175

(M.D. Pa. 2002). "'Substantial justification' for the failure to make a required disclosure has been regarded as 'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Id.* (quoting *United States v. Dentsply Intern., Inc.*, No. Civ. A. 99–5, 2000 WL 654378, at *7 (D. Del. May 10, 2000). "The test of substantial justification is satisfied if 'there exists a genuine dispute concerning compliance.'" *Id.* at 175–76 (quoting *Henrietta D. v. Giuliani,* No. 95–CV–0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)). Failure to comply with Rule 26(a) is harmless "if it involves an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." *Klatch–Maynard v. Sugarloaf Tp.*, No. 06-CV-0845, 2011 WL 2006424, at *2 (M.D. Pa. May 23, 2011).

The Third Circuit has held that "even under Rule 37, the imposition of sanctions for abuse of discovery . . . is a matter within the discretion of the trial court." *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995) (citations and quotations omitted). It has cautioned that excluding evidence is an "extreme sanction." *In re TMI Litig.*, 193 F.3d 613, 721 (3d Cir. 1999) (citations omitted). The Third Circuit instructs district courts to consider the following factors in exercising its discretion to exclude evidence: "(1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence . . ." *B. Braun Melsungen AG v. Terumo Med. Corp.*, 749 F.Supp.2d 210, 221 (D. Del. 2010) (citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 718 (3d Cir. 1997)).

5

Application of these factors to the facts of the instant case demonstrates that exclusion is an appropriate sanction. First, the information in Dr. Sadoff's expert report, which details Crooks' anxiety and depression resulting from her employment at NOV, is important to the issue of damages in this case. Second, Crooks' failure to timely disclose Dr. Sadoff as an expert or produce his report prejudiced NOV, which has been deprived of the opportunity to depose Dr. Sadoff about his report or engage an expert of its own. With respect to the third and fourth factors, the prejudice suffered by Plaintiffs cannot be ameliorated because this case is on this Court's September 2013 trial list. *See Ciocca v. BJ's Wholesale Club, Inc.*, No. 04-CV-5605, 2011 WL 3563560, at *3 (E.D. Pa. Aug. 12, 2011) (noting that when a "court excludes expert testimony on grounds of untimeliness, it is almost always in the face of a fast approaching trial date."). Next, Crooks has provided no explanation for her failure to timely disclose Dr. Sadoff as an expert or provide his report. Finally, Crooks did not notify NOV that she had engaged an expert at any time prior to producing Dr. Sadoff's report, which was done several months after the deadline for expert reports or supplemental expert reports had passed and less than two weeks before the close of expert discovery in this matter. This conduct, when coupled with Crooks' utter lack of explanation for it, leads the Court to find that her failure to observe the deadlines in the Case Management Order was willful.

Having considered these factors, the Court finds that Crooks has not shown that she was substantially justified in failing to disclose Dr. Sadoff as an expert or producing his report by the deadlines provided in the Court's Case Management Order. She has also failed to show that such conduct was harmless. Accordingly, NOV's motion will be granted; Dr. Sadoff's expert report will be stricken and he may not testify at trial. *See*

Fed. R. Civ. P. 37(c)(1).

## **CONCLUSION**

Because Crooks cannot establish that her untimeliness in disclosing Dr. Sadoff as an expert and serving his report was substantially justified or harmless, NOV's Motion to Strike Plaintiff's Expert Report and Opinions (Doc. 50) will be granted.

An appropriate order follows.


June 24, 2013 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge